# Pauline Vowinkle, Plff. in Err., *v.* W. W. Johnston & Company.

Property purchased by a wife on credit, where she has no property of her own, is liable for the debts of her husband.

Where a husband purchases property as agent of his wife, the latter having no separate estate, and gives a note signed as agent therefor, upon which a third party is indorser, the fact that such third party executes a deed of trust declaring that he has contributed money for the purchase and upon its repayment to him that the property shall belong to the wife, will not protect such property from the creditors of the husband.

(Argued November 1, 1887. Decided November 11, 1887.)

October Term, 1887, No. 153, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Error to the

NOTE.—For the power of a married woman to purchase property, see note to Gregg v. George, 3 Sad. Rep. 316.

It is incumbent upon the party presenting a note signed with a mark to prove its due execution, when such is denied (Burrows v. Davis, 5 Kulp, 361); or when presented as a claim against the alleged maker's estate (McMahon's Estate, 132 Pa. 175, 19 Atl. 68).

Common Pleas No. 2 of Allegheny County to review a judgment of nonsuit in a feigned issue awarded to try the title of property levied upon by the sheriff. Affirmed.

The material facts of the case are as follows: Charles Vowinkle, the husband of Pauline Vowinkle, plaintiff in the feigned issue, was associated with Frederick Vowinkle as a partner in the wholesale liquor trade in Pittsburgh. The latter withdrew from the firm and Charles gave him certain promissory notes amounting in the aggregate to $15,000. Frederick Vowinkle subsequently indorsed notes for Charles and took a judgment note from him for $20,000, together with an agreement in writing that in case of default in the payment of any of the notes, judgment might be had on said judgment note and execution issue for the whole amount.

Charles Vowinkle defaulted upon one of the notes, and judgment was entered and execution issued on the stock of Charles, who then agreed to transfer all to Frederick if the latter would satisfy the judgment and discharge all claims against him. This was done and Frederick then took possession.

Subsequently John Streim came to Pittsburgh by appointment, and on November 26, 1884, the goods and fixtures in the store were purchased by him—Charles Vowinkle, as agent of his wife, executing a note for $5,000 for the same to Frederick, which note was indorsed by John Streim.

Streim then executed the following deed of trust:

Whereas, Charles Vowinkle has been unfortunate in business, and is now in need of aid for the maintenance of himself and family, and I, John Streim, am desirous of aiding him so that he may regain financial standing, and do for this purpose hereby contribute the sum of $5,000 upon the following terms, to wit:

First. The said sum of money is to go to Pauline Vowinkle, in trust, for the following purposes,—to wit,

That she shall use the same in the purchase of the stock and fixtures of the liquor store No. 634 Smithfield street, at a price already agreed upon; that she shall employ her husband, Charles Vowinkle, as her agent to conduct the said business, and pay him for his services the sum of $2,000 per year.

Second. Accurate books of accounts shall be kept, and I reserve the right to myself to investigate the affairs of the busi-

ness at any time; and should it become apparent that the concern is a losing one, then I retain the power to enter and possess myself of the entire stock in trade, including books and fixtures, and to declare the trust at an end.

Third. The said sum of $5,000 is evidenced by my indorsement of promissory notes of even date herewith, each payable in thirty days, in succession from the note preceding, and upon the payment by said Pauline Vowinkle, of the whole of said series of notes, she is to become the entire and sole owner of said stock and fixtures without any control of her said husband, and for her sole and separate use.

Witness my hand and seal this 26th day of November, 1884.

John Streim.

I accept the within trust,

Pauline Vowinkle.

Charles Vowinkle then entered into possession and management of the business as agent of his wife.

Charles Vowinkle, while conducting the business in his own name, had become indebted to the firm of Johnson & Company, who brought suit and obtained judgment for $1,690.29, on October 22, 1884, and subsequently, on December 19, 1884, obtained a further judgment against Charles Vowinkle for $266.-71.

Upon these judgments execution was issued and the sheriff levied upon the stock in the hands of Charles Vowinkle, who was then carrying on business as agent of his wife. Mrs. Vowinkle then claimed these goods under the deed of trust and an interpleader was awarded, wherein Pauline Vowinkle was plaintiff and Johnson & Company defendants, to try the title to these goods.

On the trial of the issue so raised, the plaintiff, having proved the above facts and put in evidence the deed of trust, rested. It appeared from the evidence that at the time the levy was made none of the notes indorsed by Streim were paid.

Upon this state of facts the court granted a compulsory nonsuit, filing the following opinion:

The motion for a nonsuit raises a question of law wholly.

First. Does this deed of trust, as it is called by Frederick Vowinkle, come within the law as declared in what is known as

the Holdship v. Patterson, 7 Watts, 548, and subsequent decisions of the supreme court?

I think it does not come within the spirit of those decisions. Under the evidence it seems to me that it is nothing but a sale by Frederick Vowinkle to Mrs. Charles Vowinkle of a portion of the stock, and an agreement on her part that it should be considered as security to John Streim for becoming indorser of the notes given by Charles Vowinkle as agent of his wife for that purpose. Mrs. Vowinkle, according to the testimony, had no property whatever at the time. She had no credit to make such purchase, and it is well settled that property purchased by a wife on credit, where she has no property of her own, is liable for the debts of her husband. She could not, under our laws, purchase property on credit when she had no estate whatever, and carry on business in her own name.

Our statutes provide for a married woman being declared, in certain cases, a *feme sole* trader, and also entitled to her separate earnings, but do not authorize a married woman to purchase property on credit and set up a business, either in her own name or in the name of her husband, and an arrangement of this kind, a pretended trust, would be entirely subversive of the laws of this state with regard to married women. If this were to be sustained, not only would this property, after it was paid for out of the proceeds of the business, become hers, but she could carry on the business and branch out into other business in connection with it, and continue it years afterwards under a pretended deed of trust, such as this.

In this case Frederick Vowinkle contributed nothing; he simply sold $5,000 worth of his stock on getting John Streim to indorse the notes, yet he pretends to make a kind of deed of trust when he has not contributed one cent. John Streim indorses the notes, and has an arrangement by which the stock is to be considered as security for these notes, and, in a certain sense, as his property—a kind of mortgage upon the stock to protect him as indorser. This is not allowable in this state. It is not pretended that Mrs. Vowinkle had a dollar of her own money, or any kind of property, or that a dollar was contributed by either Vowinkle or Streim to assist her to start in business.

The whole arrangement seems to be so utterly inconsistent with our laws that I must sustain the motion for a nonsuit, with

leave to plaintiff's counsel to move the court to take off the non-suit.

The court subsequently refused to take off the nonsuit. Plaintiff then took this writ assigning as error the action of the court in entering judgment of nonsuit, and in not taking off the same.

*Montooth Bros.* and *West McMurray,* for plaintiff in error. —It is said by the court below, in its opinion, that this case does not fall within the principle of Holdship v. Patterson, 7 Watts, 548, and its kindred cases.

In that case a minor daughter of the debtor, aged nineteen, was made trustee. In this case it was a married woman.

"A married woman may be a trustee." Perry, Tr. 48, 49; Still v. Ruby, 35 Pa. 373; Dundas v. Biddle, 2 Pa. St. 160.

The deed in that case contains this clause: "We will pay over to her the several sums as above stated, taking her receipt for the same, redeemable in all four to five or six years, with interest semi-annually."

In our case the provision was that the notes contributed were to be paid. Here is a trust for the protection of the donor in each case.

The entire instrument shows the intent to have been simply support and maintenance for Vowinkle and aid for his family. All he could possibly get would be $2,000 a year under the arrangement; and this sum he says he received and spent in the support of his family.

The whole instrument is to be construed together. 2 Parsons, Contr. p. 499.

Too much must not be attributed to forms contrary to the clearly proved intention and acts of the parties. Trimble v. Reis, 37 Pa. 454; Brown v. Pendleton, 60 Pa. 422.

"It is a rule that the whole contract should be considered in determining the meaning of any of all its parts. 2 Parsons' Contr. 499, 501, note V.

"This is in accordance with the general rule, applicable to all writings: *Ex antecedentibus et consequentibus fit optima interpretario.*" Id. p. 501, 503.

The writing should be supported rather than defeated. Brown v. Slater, 16 Conn. 192, 41 Am. Dec. 136; Pugh v. Leeds, 2

Cowp. 714; 2 Parsons, Contr. 304, 305; Nelson v. Von Bonnhorst, 29 Pa. 352.

These trusts are favored and sustained by law, as suggested by the best feelings of our nature, and doing harm to no one. Brown v. Williamson, 36 Pa. 340; Eyrick v. Hetrick, 13 Pa. 491; Norris v. Johnston, 5 Pa. 289.

*S. Schoyer, Jr.,* and *W. R. Errett,* for defendant in error.— Plaintiff in error assumes that the writing called a deed of trust is to be taken as proof of what is stated in it. This is erroneous. It can have no more weight than any declaration of the parties. It is in the case, not for the purpose for which it was offered but because the court having granted a nonsuit, it was not necessary to rule on defendants' objection to the paper as offered.

It has been held that such a writing duly acknowledged and recorded is evidence; "But if the evidence does not show them to have a bona fide foundation, they must fail. If they are parcel of the transaction, they are a step in the evidence, and if sustained by other evidence, may establish the fact contended for." Gillespie v. Miller, 37 Pa. 248.

Plaintiff's counsel contend that this case is within the principle of Holdship v. Patterson, 7 Watts, 548.

A comparison will, however, show wide differences.

The intention to create a trust cannot prevail where the subject matter is not within the control of him who attempts it. The underlying principle is: whoever has the right to give has a right to dispose of the same as he pleases. Ashhurst v. Given, 5 Watts & S. 323; Brown v. Williamson, 36 Pa. 338.

A married woman may be a trustee, but subject always to her legal disabilities—to her legal incapacity to deal with the estate vested in her. Hill, Trustees, 48; Perry, Tr. 662, 663; Gyger's Appeal, 65 Pa. 313; Still v. Ruby, 35 Pa. 374.

The reasons for her disabilities are founded on her own interests, or her husband's, or both; or rather on the broader policy of the law, which for the purpose of domestic peace and happiness merges the proprietary interests of the wife during coverture in her husband, and will not permit her to hold interests separate from and independent of, and possibly antagonistic to him. Perry, Tr. §§ 48–51.

It seems hardly necessary to refer to the numerous cases on this point decided since Holdship v. Patterson, in which it is

definitely settled that without separate estate pledged for the debt, a married woman cannot buy on credit, or lay claim to her subsequent earnings or her husband's earnings. A few of them are: Hess v. Brown, 111 Pa. 124, 2 Atl. 416; Leinbach v. Templin, 105 Pa. 522; Keeney v. Good, 21 Pa. 355; Gamber v. Gamber, 18 Pa. 366; Auble v. Mason, 35 Pa. 262; Rush v. Vought, 55 Pa. 442, 93 Am. Dec. 769.

The proof of her title must be full, clear, and satisfactory, and must not admit of a reasonable doubt. Cases cited *supra.*

After a husband has traded on borrowed capital until he breaks, to put his wife forward to trade on borrowed capital for his benefit is a sure way to imperil, if not to destroy, the credit of both. Such arrangements cannot withstand the scrutiny of the husband's creditors. Hallowell v. Horten, 35 Pa. 375. See also Pier v. Siegel, 15 W. N. C. 480; and Blum v. Ross, 116 Pa. 163, 10 Atl. 32.

PER CURIAM:

The deed of trust in this case was a mere sham, and worthless. Mrs. Vowinkle paid nothing for the goods in question; and her husband's note to Streim, was, as against her, void. The transaction was, in fact and in law, between the husband and Streim; and the trust but a flimsy cover that was good for nothing as to creditors.

The judgment is affirmed.